[L. A. No. 2343. In Bank.—December 28, 1910.]

MARY JANE BELL, Administratrix with the Will Annexed of the Estate of Solomon Bell, Deceased, Appellant, v. C. N. WILSON et al., Respondents.

ESTATE OF DECEASED PERSON—AGENT FOR NON-RESIDENT DISTRIBUTEES—APPOINTMENT AFTER DISTRIBUTION.—Under section 1691 of the Code of Civil Procedure, the power of the former probate court, or of the present superior court, to appoint agents for non-resident distributees, to take possession of their distributive shares, neither was nor is limited to orders therefor made prior to the decree of distribution. That section authorizes the appointment of such agent after such decree, upon a showing of the necessity therefor.

ID.—COURT NEED NOT INQUIRE AS TO RESIDENCE OF DISTRIBUTEES.—It is not the duty of the court, under section 1666 of the Code of Civil Procedure, in making the decree of distribution, to enter into any investigation as to whether a distributee is or is not a resident of the state, or if a non-resident, whether he has or has not an agent here. Whether he is a resident or not only becomes of real importance after the distribution is made, and is then only important in so far as it may affect the closing of the administration of the estate.

ID.—NECESSITY AUTHORIZING APPOINTMENT OF AGENT.—The necessity for the appointment of an agent for a non-resident distributee proceeds from the fact that the executor or administrator cannot have the estate closed and obtain a final discharge and release of his sureties until the entire estate is turned over to the distributees and their receipts therefor presented to the court. It is to accomplish

this purpose that the "necessity" for the appointment of an agent arises, and could generally only arise after distribution, and upon the failure of such distributee to receive and receipt for his share.

ID.—VALIDITY OF ORDER—APPOINTMENT OF ASSIGNEE OF DISTRIBUTEE.— The validity of an order appointing an agent for a non-resident distributee is not affected by the fact that the same person was by such order appointed as agent for an assignee of such distributee. If the court had no jurisdiction to appoint an agent for the assignee, the order would still be valid as an appointment of an agent for the distributee.

ID.—JURISDICTION TO MAKE APPOINTMENT—DISTRIBUTEE NEED NOT BE NAMED IN ORDER—AGENT HOLDS FOR PERSON ENTITLED.—In order to warrant the appointment of an agent it must appear to the court that a particular distributee is a non-resident having no agent in this state. This showing is jurisdictional, but these facts appearing, it is not necessary to the validity of the order that it designate the agent as appointed for the distributee by name. The agent appointed holds the property distributed for any one who subsequent to the order of appointment may show that he is entitled to it, whether it be the distributee or some third person claiming under him.

ID.—PROCEEDING TO COMPEL AGENT TO ACCOUNT.—JUDGMENT CONCLUSIVE ON AGENT'S SURETIES.—The court having jurisdiction of the matter of the estate in which the order was made appointing the agent for a non-resident distributee, had ·jurisdiction of a proceeding instituted in such matter by an assignee of such distributee to compel the agent to account for the property of which he took possession. A final judgment rendered in such accounting is binding on the agent and is equally binding and conclusive upon his sureties.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

Lawler, Allen, Van Dyke & Jutten, for Respondents.

LORIGAN, J.—This action is brought against the principal and one of his sureties on a bond given pursuant to section 1692 of the Code of Civil Procedure. On November 15, 1875, the probate court of Los Angeles County rendered a decree of final distribution in the estate of Jacob Bell, deceased, wherein it was ordered that there be distributed to Daniel L. Bell, as an heir at law of deceased, one sixth of the estate.

Sixteen months thereafter, to wit, on March 8, 1877, C. E. Thom, administrator of said estate, filed a petition therein, setting forth that all the heirs and distributees of the estate had received and receipted for their shares thereof, except Daniel L. Bell, who was a non-resident and had no agent in this state; that said Daniel L. Bell had on December 21, 1875, transferred and assigned all his interest in said estate to one Solomon Bell, also a non-resident without an agent here to represent him; that it was necessary to appoint an agent to act for both these persons, and asked that C. N. Wilson be appointed "to act as the agent for and in behalf of said Solomon and said Daniel L. Bell and each of them . . . to receive the sum of $1133.95 . . . and for them and each of them to take charge and possession of all the real estate that might belong to them or either of them as his distributee or assignee from the estate of Jacob Bell, deceased." An order of court was made on said petition appointing said Wilson agent "of the said Solomon Bell and Daniel L. Bell for them and each of them . . . to receive from the said C. E. Thom the sum of $1133.95 the amount ordered . . . to be distributed to Daniel L. Bell by the decree of distribution . . . entered on the 15th day of November, 1875, . . . and also all the property of the estate of Jacob Bell, deceased, belonging to said Solomon Bell and the said Daniel L. Bell, as is set out and prescribed in the aforementioned decree of distribution," and directing that a bond in the sum of two thousand dollars for the faithful performance and discharge of his duties as such agent be given by Wilson. This bond was given, the defendant Lord being one of the sureties thereon, and it recited as a condition of his obligation the appointment of Wilson as agent of Daniel L. Bell and Solomon Bell, to receive their and each of their distributive shares of the estate of Jacob Bell, deceased, and upon said bond being approved and filed the administrator turned over to Wilson the money and all the property distributed to Daniel L. Bell, and as agent for said Daniel L. and Solomon Bell, Wilson receipted to the administrator therefor.

On July 27, 1903, in a proceeding entitled in the Estate of Jacob Bell, deceased, brought by plaintiff in the superior court of Los Angeles County against said Wilson for an accounting, and in which proceeding he appeared, said court entered a decree settling the final account of said Wilson as agent, and

adjudged that he had in his possession belonging to the estate of Solomon Bell, deceased, a balance of $7,843.41 in cash, and decreed that he pay that sum over to said plaintiff as administratrix of the estate of Solomon Bell, deceased. After the judgment became final a demand for payment of the sum adjudged due was made on Wilson and upon his refusal to pay it, plaintiff brought this action in which she prays for a judgment against Wilson for the amount awarded her in said judgment, and for judgment against Lord for two thousand dollars, the amount for which he became surety upon the bond.

The trial court gave judgment for defendants, and from that judgment and an order denying her motion for a new trial she appeals.

As we understand the view taken by the trial court, as gathered from its findings, as also that of the district court of appeal from which this case is brought here for further hearing, it is that not only had the probate court no power to appoint an agent to receive for Solomon Bell the distributive share assigned to him by Daniel L. Bell, but that said court had no authority at all to appoint an agent to receive the distributive share of any non-resident distributee having no agent in the state, unless such appointment is made before the decree or order of distribution is made; that hence the order appointing Wilson agent of both Daniel L. Bell, the non-resident distributee, as well as agent for Solomon Bell, the non-resident assignee of Daniel L. Bell, or for either of them, was void, and no liability attached upon the bond given by the sureties, under this void order.

We cannot agree with this view as far as it declares that the former probate court (and the superior court now because the code section is practically the same) was or is limited in its power to appoint agents for absent distributees to orders therefor made prior to the decree of distribution. This is too narrow and constrained a view of section 1691 of the Code of Civil Procedure governing the subject. That section provides that: "When any estate is assigned or distributed by a judgment or decree of the court, as provided in this chapter, to any person residing out of and having no agent in this state, and it shall be necessary that some person should be authorized to take possession and charge of the same for the benefit of such absent person, the court may appoint an agent for that

purpose, and authorize him to take charge of such estate, as well as to act for such absent person in the distribution."

There is nothing in this section which says that the agent shall be appointed before the distribution. In making a decree of distribution it is the duty of the court to "name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession." (Code Civ. Proc., sec. 1666.) It is not enjoined as a duty upon the court in making the decree of distribution to enter into any investigation as to whether a distributee is or is not a resident of the state, or if a non-resident whether he has or has not an agent here. Whether he is a resident or not only becomes of real importance after the distribution is made and is then only important in as far as it may affect the closing of the administration of the estate. The fact that the distributee is a non-resident does not preclude him from receiving from the executor or administrator his distributive share. When a non-resident knows that he is entitled to a portion of the estate he may be relied on to take measures to obtain it either personally as soon as the administrator is prepared to deliver it, or to appoint his own agent for that purpose, and in either event furnish the administrator with proper vouchers so as not to embarrass the closing of the estate and the final discharge of the administrator. Usually it is only after distribution and his failure to personally claim his distributive share or select an agent for that purpose that "it is necessary that some person should be authorized to take possession and charge of the same" (quoting from section 1691), and this necessity for the appointment proceeds from the fact that the executor or administrator cannot have the estate closed and obtain a final discharge and release of his sureties from liability until the entire distributive share is turned over to the distributees and their receipts therefor presented to the court. It is to accomplish this purpose that the "necessity" for the appointment of an agent for a non-resident distributee arises and could generally only arise after distribution and the failure of the non-resident distributee to either personally or through his agent receive his share and deliver proper voucher therefor, and section 1691 contemplates the appointment of an agent after distribution

and under the necessity therefor in order to effect a final closing of the estate.

We are not to be understood as holding that the appointment of an agent for a non-resident distributee unrepresented in the state would be unauthorized if contained in the decree of distribution itself, but only that the section does not require such appointment to be made before the distribution or in the decree therefor, and that such appointment may be appropriately made after the decree and upon a showing that it is necessary that such an appointment should be made.

There is nothing in the case of *Buckley* v. *Superior Court,* 102 Cal. 6, [41 Am. St. Rep. 135, 36 Pac. 360], particularly relied on by respondent, opposed to this construction. Section 1691 was not under consideration there and section 1676 which was, expressly provides for the appointment of agents before the decree of distribution when partition is contemplated and has no bearing whatever on section 1691.

Under this view of the jurisdiction of the court to appoint an agent for an unrepresented and non-resident distributee, and addressing ourselves to the particular order made by the court therefor, it will be observed that by that order Wilson was appointed not only agent for Solomon Bell but as agent for Solomon Bell and Daniel L. Bell, and each of them. Conceding that the order as far as it appointed Wilson agent for Solomon Bell as assignee of Daniel L. Bell's distributive share was unauthorized because the court could only appoint an agent for a distributee and had no jurisdiction over the claims of strangers to the decree (*Estate of Ryder,* 141 Cal. 366; *Cooley* v. *Miller,* 156 Cal. 510, [105 Pac. 981]), still the court undoubtedly had jurisdiction to appoint an agent for the absent distributee Daniel L. Bell, and did so. It is of no consequence as affecting the validity of that order that the appointment of an agent ran in favor of both Solomon and Daniel L. Bell. The order was in terms a distributive one and was valid to the extent the court had jurisdiction to make it. In fact, we do not believe that under the provisions of the section authorizing the appointment of the agent it is of any moment that the court should designate by name or at all for whom the agent was appointed. Of course, in order to warrant the appointment of an agent it must appear to the court that a particular distributee is a non-resident having no agent in the

state. This showing is jurisdictional, but these facts appearing, in making the order it is not necessary to the validity that it designate the agent as appointed for the distributee by name. We apprehend that if the order had recited that Daniel L. Bell was a non-resident distributee of Jacob Bell, deceased, and had no agent in the state, and then simply appointed Wilson to take possession and charge of said distributive estate without designating for whom he was appointed agent, the validity of such an order and the liability of Wilson and his sureties for the property received under it could not be questioned. The primary purpose of the section as far as appointing an agent is concerned is to give him possession and charge of the property distributed to hold it for whomsoever at any time may be entitled to it. When originally appointed it is true that he holds it as agent for the distributee but this proceeds from the fact that the decree of distribution has fixed a distributee as entitled to the property the agent is appointed to take charge of, and not from any provision of the statute requiring the order to designate him as agent of the distributee. In law he holds it as agent for any one who subsequent to the order of appointment may show that he is entitled to it, whether it be the distributee or some third person claiming under him. So that it is really a matter of no consequence as affecting the validity of the order or the agent's liability or that of his surety who stands sponsor for the proper discharge of the agency whether the court was without power to appoint an agent for Solomon Bell or not. The order was a valid one in as far as it appointed Wilson agent to hold the distributed estate for the distributee Daniel L. Bell as it would have been equally valid if it had not mentioned him as agent of any particular person but had appointed him generally to take charge of the distributive share of Daniel L. Bell, a non-resident distributee. It related primarily to the distributed property and its conservation for any person who could show he was entitled to it, and whether any one was particularly named for whom Wilson was appointed or a person was improperly designated together with the proper person as those for whom he was to stand as agent could not affect its validity.

The trial court held that the order or judgment of July 27, 1903, settling the accounts of Wilson as agent and directing

payment of the balance in his hands to the plaintiff administratrix was void for want of jurisdiction in the court to entertain the proceeding. This ruling proceeded upon the theory that after the decree of distribution the probate court had no jurisdiction at all to make an order appointing an agent for an absent distributee and particularly no jurisdiction to appoint an agent for Solomon Bell. The judgment does not appear to be questioned on any other ground. We hold, however, that the court had jurisdiction to make such an order and as it did make it as to the absent distributee Daniel Bell and it would have been a valid order had it not declared particularly for whom Wilson was appointed agent, it is a matter of no consequence that the court had no jurisdiction to appoint an agent for Solomon Bell. In law when Wilson took the distributed estate as agent he took it for the benefit of any one who might show himself entitled to it, whether as original distributee or his successors in interest by assignment or otherwise, and was liable to account for it at the instance of any person interested in the distributed property. It is conceded that Solomon Bell succeeded by assignment to all the interest of Daniel Bell in the distributed property of which Wilson took charge. In the proceeding brought by the plaintiff as administratrix of the estate of Solomon Bell the court had jurisdiction of the subject-matter of the accounting by Wilson as agent, in behalf of those entitled to the property in his hands, and jurisdiction of the parties to the proceeding for such an accounting, and the judgment settling the account and declaring plaintiff administratrix entitled to the balance in his hands having never been appealed from is final and conclusive.

The judgment being binding on the agent is equally binding and conclusive upon his sureties (*Fox* v. *Minor,* 32 Cal. 111, [91 Am. Dec. 566] ; *Broadrib* v. *Broadrib,* 56 Cal. 563 ; *Treweek* v. *Howard,* 105 Cal. 445, [39 Pac. 20] ), and upon refusal of the agent to comply with the decree and pay over the money there was a breach of the bond and the defendant Lord, as surety, became liable for the payment of the judgment in the amount in which he had become responsible on the bond.

The judgment and order appealed from are reversed.

Shaw, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.