MOSES S. CASE, administrator *de bonis non, vs.* FLORENCE E. CLARK & another.

Norfolk.   November 11, 1914. — February 27, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Probate Court,* Accounts of administrator, Petition for distribution, Decree. *Executor and Administrator.   Res Judicata.*

A decree of the Probate Court, allowing a first account of an administrator from which it appears that certain sums were paid by him to the next of kin on account of their distributive shares and that there remained in his hands undistributed a large sum of money which at the hearing in the Probate Court was shown to be in great part made up of sums of money paid by the administrator to an adopted son of the intestate in return for his notes, does not prevent the other next of kin from showing, at the hearing of a petition for distribution afterwards filed, that the administrator after the allowance of the account agreed with the adopted son that the sums which had been paid to the son for his notes should be treated as advanced to him on account of his distributive share, such matters not being in any sense *res judicata.*

Upon a petition in the Probate Court by an administrator for a decree of distribution, the function of the court is to decide, from an examination of the whole record and upon weighing all competent evidence, the exact amounts which each distributee should receive in order to make the distribution of the whole estate, including previous advancements, conform to the provisions of law and be just to all the parties in interest.

Upon a petition by an administrator for distribution, the ascertainment with precision of the exact amounts which already have been paid or advanced to the next of kin on account of their distributive shares is a proper subject for inquiry and adjudication.  Accordingly it is proper to show that the administrator, after having paid certain sums of money to an adopted son of the intestate in return for his notes, agreed with him that such sums should be treated as advancements, and that, when such sums were treated as advancements to the adopted son, he had received far more than his share of the estate, even if the whole amount remaining in the hands of the administrator were paid to the only other next of kin, the intestate's daughter; and, such facts appearing, a decree ordering the distribution of all the assets to the daughter is warranted.

PETITION for distribution, filed on October 14, 1910, in the Probate Court for the county of Norfolk by the administrator of the estate not already administered of Michael H. Collins, late of Millis.

At the hearing in the Probate Court, it appeared that there

was in the hands of the petitioner $2,406.54 and accumulated interest and a decree was made that this sum be divided equally between the intestate's daughter, Florence E. Clark, and his adopted son, William F. Collins.

On appeal to the Supreme Judicial Court by Florence E. Clark the case was referred to an auditor, the parties agreeing that the auditor's findings of fact should be final.

Besides the facts stated in the opinion, the auditor found the following: The account filed by the widow of the intestate as his administratrix, the allowance of which William F. Collins contended rendered the contentions of Florence E. Clark *res judicata*, was entitled her first account. As corrected and allowed, its schedules were: Schedule A, $61,018.91; Schedule B, $37,253.18; Schedule C (which included the notes given by William F. Collins,) $23,765.73.

Other material facts are stated in the opinion.

The appeal was heard by *Crosby*, J., and a final decree was made remanding the case to the Probate Court and ordering that a decree be entered directing the distribution of the entire balance in the hands of the petitioner to Florence E. Clark.

William F. Collins appealed.

*H. A. Mintz*, for the respondent William F. Collins.

*A. T. Johnson*, for the respondent Florence E. Clark.

No counsel appeared for the petitioner

RUGG, C. J. This is a petition by an administrator *de bonis non* for the distribution of a balance of an intestate estate. The crucial facts are that Michael H. Collins died in 1891, leaving a widow, a daughter and an adopted son. The widow was appointed administratrix in 1892 and distributed some of the estate among the three entitled thereto, and gave to the son in the form of loans for which notes were taken sums largely in excess of his distributive share. She filed an account of her doings as administratrix in which were credited various sums advanced to the heirs, but none of the transactions touching loans to the son appeared in it. This account was referred to an auditor, who found certain facts respecting loans to the son. The account was then allowed by charging these sums in addition to others as still in the hands of the administratrix. She has died. Nothing can be collected from her estate and a small sum only has been realized by an action on

her bond. The present petition was referred to an auditor with a stipulation that his findings of fact should be final. He found that these advancements to the son by the administratrix, although at first made in the form of loans for which notes were taken, were, by an agreement made between the administratrix and the son subsequently to the filing of her account, treated as additional advancements to the son, $2,000 more having been advanced at the same time, making the total $9,800. The aggregate of these advancements to the son, even excluding the last $2,000, is so largely in excess of the advancements made to the daughter, that if the entire balance now remaining in the hands of the petitioner were paid to her, she would not then receive so much from the estate as has been paid to the son, nor so much as is due as her distributive share. The son contends that these facts cannot be considered at this stage of the proceedings upon a petition for distribution, and that the whole matter, except so far as concerns the balance now in the hands of the administrator *de bonis non,* is *res judicata* by the allowance of the administratrix's account.

These contentions cannot be supported. They are contrary to what is manifestly right. It would be sacrificing justice to a mere form to uphold them.

The question of advancements to heirs on account of distributive shares, as to the matters now in issue, was not raised by the form of the account presented by the administratrix, for she made no reference to the transactions with the son relative to the notes. Although all advancements might have been included in the administratrix's account, she did not so include them and they were not then before the court as advancements. Hence, the allowance of that account, without further reference to the subject, lacks every essential of *res judicata* as to the question here raised. That thing was not adjudicated at all. The notes were treated as assets in the decree allowing that account, and not as representing advancements. Indeed, the agreement between the administratrix and the son that they should be treated as advancements was made at some time after the filing of the account and before the death of the administratrix, the auditor being unable to make a more precise finding.

The purpose of a decree of distribution is to determine the per-

sons to whom payments are to be made and the proportion and the exact sum each is entitled to receive out of the balance remaining to be divided among the heirs at law and next of kin of the intestate. The function of the court upon a petition for a decree of distribution is to decide, from an examination of the whole record and upon weighing all competent evidence, the exact amounts which each distributee ought to receive in order to make the distribution of the whole estate, including all previous advancements, conform to the provisions of law and be just to all the parties in interest. This result can be reached only by a consideration of all pertinent facts which have occurred during the settlement of the estate. The practical wisdom of this rule is apparent from a single illustration. Advancements made on account of distributive shares are proper items for an administrator's account. Such advancements may not have been made in the proportions required for the ultimate just distribution of the estate. In order that a decree for final distribution be a plain and complete guide to the administrator, it must state the exact amount which each distributee is entitled to receive in order to adjust the inequalities which theretofore have arisen. The ascertainment of these precise sums is a proper subject for inquiry and adjudication upon a petition for distribution.

This point has never before arisen for consideration. The present judgment rests wholly upon sound principles of probate administration and not upon the authority of previous decisions.

It is not necessary to pass upon the other questions raised, for the reason that in any event the daughter is entitled to the entire balance in the hands of the administrator *de bonis non.* The decree entered by the single justice is

*Affirmed.*