421 P.2d 895

**In the Matter of the ESTATE of Lucene Loba McCONNELL, Deceased.**

**Mary Elizabeth GLASS, John Loba McConnell and Lucene Worley, Appellants,**

**v.**

**George C. MACKIN and Anna Marie Mackin, as individuals, and George C. Mackin, as Executor, Appellees.**

**No. 7785.**

Supreme Court of Arizona.

In Banc.

Dec. 21, 1966.

Favour & Quail, by Robert K. Park, Prescott, for appellants.

Head & Palmer, Prescott, for appellees.

McFARLAND, Justice.

This is an appeal by unsuccessful petitioners, hereinafter designated appellants, in a will contest brought after probate, from the granting of a motion for allowance of expenses in favor of respondents, hereinafter designated appellees, and from a judgment entered in favor of appellees for costs and expenses in the amount of $10,318.69.

A "Petition In Contest of Will" was filed by appellants in the Yavapai County, Arizona, Superior Court on October 6, 1961, contesting the admission to probate on April 12, 1961, of the will of Lucene Loba

McConnell on grounds the will "was not the free and voluntary act of the decedent but was procured by the duress, menace, fraud and undue influence of George C. Mackin and Anna Marie Mackin · and was against the wishes of decedent:" · It ·was the decision of the lower court filed on May 22, 1962; after trial by the court, that the petition be dismissed, the admission of the will to probate be affirmed, and appellees have judgment against appellants "for their costs and expenses."

Appellees then moved for allowance of expenses, including attorneys' fees of $25,-000. A motion for new trial was made by appellants and denied. Appellants also filed objections to the motion for allowance of expenses made by appellees, and moved to strike the motion. The court granted the motion for allowance of expenses with regard to "reasonable attorneys' fees and expenses," and set August 31, 1962, as the date for hearing evidence on the "reasonable fees and expenses in accordance with" its order. The court, after holding the hearing, entered judgment in favor of appellees, including the sum of $10,000 for attorneys' fees. This appeal followed.

A.R.S. § 14–376 provides as follows:·

"The fees and expenses shall be paid by the party contesting the validity or probate of the will, if the probate is confirmed. If the probate is revoked, the cost shall be paid by the party who resisted the revocation, or from the property of decedent, as the court may direct."

6· A.R.S. § 14–376

Appellant's first assignment of error places in question the meaning of the term "fees and expenses" on grounds that such a phrase means taxable costs, and therefore such an interpretation does not justify entry of judgment for attorneys' fees.

In support of their assignment of error appellants contend first that this court's holding in In re Estate of Nolan, 56 Ariz. 353, 108 P.2d 385, was erroneous and should be overruled. We stated in Nolan, supra:

"Respondent made a cross· assignment ·of error. She filed a statement of costs, which ·included an item of $850 for attorney's fees for services in resisting the contest. Petitioner filed exceptions on the ground that the amount claimed was unreasonable and excessive. The court disallowed the item of attorney's fees entirely. Sec. 3908, R.C.1928, reads so far ·as material to the point in issue, as follows:

"'Liability for fees and expenses on contest. The fees and expenses must be paid by the party contesting the validity or probate of the will, if the probate is confirmed. * * *'

"The question is whether the words 'fees and expenses' in the statute include attorney's fees. We are of the opinion that they do, and that the court should have allowed respondent a reasonable attorney's fee for resisting the contest." ·56 Ariz. at 360, 108 P.2d at 388

■ This court has a strong respect for the doctrine of stare decisis. However, it is the contention of appellants in the instant case that this court did not fully consider the history and background of A.R.S. § 14–376 at the time of its decision in Estate of Nolan, supra, and for this reason should examine the legislative intent of A.R.S. § 14–376. It will be noted that this court, in the decision in Estate of Nolan, supra, pointed out when the item of $850 for attorney's fees was submitted as a cost item it was stated that petitioner filed exceptions on the ground that the amount claimed was unreasonable and excessive, and did not state that an objection was made to an allowance for attorney's fees. The lower court struck entirely the amount claimed for attorney's fees as a cost item. The court's statement that attorney's fees were excepted to on the grounds of unreasonableness of the fees has caused us to re-examine the briefs that were submitted in Estate of Nolan, supra, in order to determine whether appellants in the instant case are correct in their contention that some of the California cases were not called to our attention. · The presentation by appellees in their brief on

the cross-appeal in Estate of Nolan, supra, did not contain a citation of any authorities to support their position, the same reading as follows:

"ARGUMENT—PROPOSITION OF LAW NO. 1—DISALLOWANCE OF ATTORNEYS' FEES

"Section 3908 Revised Code of Arizona, 1928, so far as material here, provides as follows:

" 'Liability for fees and expenses on contest. The fees and expenses must be paid by the party contesting the validity or probate of the Will, if the probate is confirmed.'

"In this case the party contesting the Will was the appellant, Honora M. Nolan. The appellee and contestee filed her statement of fees and expenses which included an item of $850.00 for the fees of her attorneys for services rendered in resisting the contest (A.R. 48–51). The appellant and contestant filed exceptions to the statement of fees and expenses, and as to the item in question the ground of the exception was only that the amount claimed was unreasonable and excessive (A.R. 51, 54). No exception was taken on the ground that an attorney's fee was not a proper item of fees and expenses within the meaning of the statute and, of course, such a ground would be untenable. The Court, for some unaccountable and undisclosed reason and in the face of the mandatory provisions of the statute quoted above, wholly disallowed the item in question and, apparently being of the opinion that the fees should be paid out of the estate, included in the minute order a reservation of the right of the Executrix to make such a claim against the estate. We submit that under the plain and unambiguous wording of the statute it was mandatory upon the Court to allow the contestee to recover her attorneys' fees from the contestant and that clearly the Court erred in disallowing this item. The record itself discloses that the amount claimed was reasonable."

While the briefs of appellants in Estate of Nolan, supra, in answer to the contention of appellee, stated they had excepted to allowance of any amount, their argument for not allowing the attorney's fees was largely on the basis that appellee appeared in the case both as executrix and individually, and in a legal sense she was two separate and distinct persons.

Their contention then was to the effect that since she appeared individually and as executrix, and since she was the sole legatee in the will, it was really an allowance of an attorney's fee for her as an individual, and was not for the benefit of the estate. The record in Estate of Nolan, supra, does not show that the history and background of this statute were discussed, or cases cited giving an interpretation of the meaning of "fees and expenses" and "costs" as used in this section. The only reference to a history was that in the brief of appellant which merely stated that it was taken from Section 1332, California Code of Civil Procedure, as amended in 1872. The original provisions of this Section—A.R.S. § 14–376—which were taken from the California Code of Civil Procedure appeared in the Arizona Code of 1901 in R.S. '01, ¶ 1627.

An examination of the history of the provisions of this section in the California code reveals that, in 1851, a probate act was passed (Section 35), and as amended by statute in 1861 (See Statutes 1861, p. 630) it read:

"The fees and expenses shall be paid by the party contesting the validity of the will, or the probate, if the will, or probate, be confirmed. If the probate be revoked, the party who shall have resisted the revocation shall pay the costs and the expenses of the proceedings, or the same shall be paid out of the property of the deceased, as the court shall direct."

On March 11, 1872, the act was amended to read:

"The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate

is confirmed. If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

In In re Olmstead's Estate, 120 Cal. 447, 52 P. 804, the above-quoted section was construed to apply only to contests brought after the will had been admitted to probate. Pre-probate will contests, and costs resulting therefrom, were said to be governed by another more general provision which in substance stated that in probate proceedings costs should be allocated as justice requires.

In August 1931, Section 383 of the California probate code was passed. It has not been amended since that date, and reads as follows:

"If the probate is not revoked, the costs of trial must be paid by the contestant. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs."

Section 1627, 1901 Code of Arizona, provided:

"The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed. If the probate is revoked, the cost must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

This provision read almost exactly like the provision which was in effect in California from 1872 until 1931. A.R.S. § 14–376 and the 1901 version are substantially the same. The main change was from the use of the words "must be paid," to the words "shall be paid," which has no bearing on the question presented to us in the instant case.

Section 1332 of the California Code of Civil Procedure, as originally enacted—which we adopted in 1901—was interpreted by the California court in 1889 in In re Estate of McGinn, 2 Coffey's Probate Dec., 313. The court said:

"Section 16, which defines words and phrases, reads:

" 'Words and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding sections, are to be construed according to such peculiar and appropriate meaning or definition.' It means that words and phrases are construed according to the text and the approved usage of the language.

"Section 1332 reads: 'Costs and expenses, by whom paid.' 'The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed.' That is the first sentence; the second sentence reads: 'If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the Court directs.'

"The word 'costs' has a well defined meaning.

"Mr. Crittenden.—We claim it means fees and expenses.

"The Court.—Yes, sir, I understand. That is just what I am coming to. Words and phrases are construed according to the text. What is the text? 'The fees and expenses must be paid by the party contesting the validity or the probate of the will, if the will in probate is confirmed.' Why does the very next sentence use a different and a single word? 'If the probate is revoked, the costs—' Why not repeat the words, 'fees and expenses'? Why put in there another, a different word? I really do not think that the legislature meant anything more by 'fees and expenses' than costs— that there should be some intention to restrict the charge upon the estate in case the will should be revoked after having been once probated; that it

should be restricted to costs. The preceding section and all the sections of the statute, so far as I have examined them, which speak of costs mean simply the costs of the court, the expenses incidental to the proceedings in the case, apart from the counsel fees; and the section which remits the costs of contests in will cases to the category of civil action shows that the principle maintained in such cases should govern this; and, therefore, as no counsel fees are allowed in any civil action, none should be allowed to be paid in the case of a contest; * * *." 2 Coffey's Probate Decisions, at 313

The California court, in In re Bevelle's Estate, 81 Cal.App.2d 720, 185 P.2d 90, in approving the interpretation that "fees and expenses" did not mean more than "costs," said:

"* * * See, Moss v. Underwriters' Report, Inc., 12 Cal.2d 266, 83 P.2d 503, holding that 'necessary disbursements,' as used in Code of Civil Procedure, section 1033, is to be construed as including only those items coming within the definition of 'costs'; also, In re Estate of McGinn, 2 Coffey Prob.Dec. 313, where it was held that 'fees and expenses' did not mean anything more than 'costs,' where both were used in section 1332 of the Code of Civil Procedure (now Probate Code, section 383) providing for costs and expenses in a contest of a will after probate.) Whenever an allowance of attorney's fees is authorized to be made by the Probate Code, it is specifically provided for. (See, Probate Code, secs. 703, 716.)" 185 P.2d 92

In In re Estate of McGinn, supra, there was this difference in the fact situation. The contestant won, and it was his contention that he should be allowed attorney's fees, as costs, stating that "costs" and "fees and expenses" meant the same. With this latter contention the court agreed, but held that "fees and expenses" did not include "attorney's fees," which interpretation was made before our adoption of the provisions of Section 1332, California Code of Civil Procedure.

We have held that attorneys' fees can only be collected when an agreement specifically provides for the same, or when specifically authorized by statute. In In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732, the court was faced with the problem of the allowance of attorneys' fees to be paid from the estate, and said:

"* * * Speaking generally, the rule is that attorneys' fees can be collected only when such fees are *specifically* allowed by statute or have been contracted for by the parties. Of course, courts of equity may and frequently do order an attorney's fee to be paid out of a trust fund or estate where his services have aided in creating, preserving, or protecting the fund or estate. * * *" 68 Ariz. at 379, 206 P.2d at 736 [Emphasis added.]

In the case of Colvin v. Superior Equipment Company, 96 Ariz. 113, 392 P.2d 778, the seller brought an action for the purchaser's breach under a conditional sales contract. The purchaser's appeal included the contention that the attorneys' fees allowed in the judgment against him was erroneous. This court stated:

"* * * The general rule is that attorney's fees may be allowed only when provided for by statute or contract. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732. The Uniform Conditional Sales Act does not mention 'attorney's fees.' * * *

* * * * * *

"* * * A *reasonable* attorney's fee may be regarded as an allowable *'expense of retaking'* as that phrase is used in A.R.S. § 44–321 and A.R.S. § 44–322, *if it is so provided in the contract.* * * *" [Latter emphasis added.] 96 Ariz. at 122, 392 P.2d at 784

Therefore, without the contract, the statute using the phrase "expense of retaking" was not in itself specific enough to authorize an attorney's fee as part of the judgment.

A.R.S. § 14–661, subsec. B specifically allows reasonable attorneys' fees for ser-

vices rendered to an estate, which indicates the legislature deemed it necessary to provide specifically for the payment of the same. A similar provision was provided for in Section 1851 of the 1901 Code. There are some thirty statutes in the Arizona Revised Statutes which *specifically* provide for attorneys' fees for services rendered. This is further indication that the legislature did not intend to include attorney's fees in the general term "fees and expenses." As discussed in In re Estate of McGinn, supra, the question is what was the legislative intent in the use of the words "fees and expenses" and the word "costs" in the same statute.

Appellees contend that inasmuch as different words are used, the phrase "fees and expenses" was intended to cover attorneys' fees; however, the legislative intent could have been for "fees and expenses" to have a broader meaning than "costs," without intending for the term to include attorneys' fees. In comparing the definitions of "costs," as it appears in Section 424 and Section 1557 of the 1901 Code, and as it now appears in A.R.S. § 12–332, we find many items are now included as costs which were not included in 1901 definitions. For example, costs of depositions, certified copies of papers and records, and jury fees are listed as proper items in A.R.S. § 12–332, but they were not listed as proper items of cost in 1901. In a will contest it might have been absolutely essential to take a deposition in another state, and it would be more appropriate to argue that it was the intent of the legislature in 1901 to include such items as these rather than attorney's fees.

These are all matters which must be considered in determining the intent of the legislature. Appellants contend that because a contestant before probate does not have to pay attorneys' fees, he should not have to pay them afterwards. Appellees contend that there is a distinction—that when a will is admitted to probate, there is certain expense in connection with the original hearing for probate, and so the

legislature intended to provide for attorney's fees in the contest brought after admittance of the will to probate. It could be just as well argued that these additional "expenses" were the "expenses" that were intended by the legislature to be paid by an unsuccessful contestant. As far as attorneys' fees are concerned, the real question is what the legislature intended.

■ We have held that when a statute is adopted from another state, it will be presumed to have been adopted with the construction previously placed on it by the courts of that state. Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659; Arizona Superior Mining Co. v. Anderson, 33 Ariz. 64, 262 P. 489, error dismissed 278 U.S. 578, 49 S.Ct. 177, 73 L.Ed. 516; Fertig v. State, 14 Ariz. 540, 133 P. 99; Murphey v. Brown, 12 Ariz. 268, 100 P. 801.

Under these circumstances the question is—did the legislature intend for "fees and expenses" to include attorney's fees? For example, a man and his wife may live peacefully together for fifty years, and then the man develop senile tendencies during which time he makes a will leaving all of his property to a third person. The widow, in her sorrow, may at first hesitate to contest the will, but later file her contest after it is admitted in probate. Did the legislature intend for this widow—in this borderline case—to pay for attorney's fees in an unsuccessful contest against some third party? We think not. The facts in the instant case are not entirely dissimilar. The contestants were adopted children who waited until after the will was admitted to probate.

■ For the foregoing reasons we hold that it was not the intention of the legislature that the words "fees and expenses" in A.R.S. § 14–376 include attorneys' fees, and to that extent overrule In re Estate of Nolan, supra.

Judgment for attorneys' fees reversed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., UDALL, and LOCKWOOD, JJ., concur.