*Ex Parte* LETITIA V. GRAHAM, a widow, HILTON S. HAMPTON, JOHN W. BULL and FRANK R. CROM, copartners, doing business as HAMPTON, BULL & CROM, v. LETITIA V. GRAHAM, FIRST SAVINGS AND TRUST COMPANY, OF TAMPA, as Guardian of the Person and Curator of the Estate of LETITIA V. GRAHAM; and JESSIE C. WILKES.

186 So. 202.
Opinion Filed January 24, 1939.

*Hampton, Bull & Crom,* for Appellants;
*Gibbons, Vega & Gibbons,* for Appellees.

TERRELL C. J.,—In November, 1937, Jessie C. Wilkes, a widow, residing in Hillsborough County, being a cousin and next of kin of Letitia V. Graham, filed her petition in the Circuit Court as authorized by Chapter 17976, Acts of 1937, praying that a guardian of her person and a curator to take charge of her property be appointed for said Letitia V. Graham. The prayer of the petition was granted and First Savings and Trust Company of Tampa was appointed as such guardian and curator.

In May, 1938, relying on the same statute, Appellants here filed their petition in the Circuit Court to intervene for the purpose of having solicitor's fees awarded them from the estate of Letitia V. Graham for representing Jessie C. Wilkes in her proceeding to have the said guardian and curator appointed. Motion to dismiss the latter petition was granted and from that decree, this appeal was prosecuted.

Did the Court below commit error in refusing to award a reasonable attorney's fee to Appellants for successfully filing and prosecuting the petition of Jessie C. Wilkes to have a guardian for her person and a curator to take charge of the property of Letitia V. Graham appointed as provided by Chapter 17976, Acts of 1937, is the only question we are called on to answer.

Chapter 1796, Acts of 1937, provides a special statutory proceeding for the appointment of guardians of the person and curators to take charge of the property of "weak minded and physically incapacitated persons." It provides that the next of kin or the sheriff of the county where the incompetent resides may file a petition under oath setting up

the facts, naming all known relatives, and praying that such person be adjudged incompetent and that a guardian be appointed for her person and a curator to take charge of her estate. Notice is required to be given, hearings held if necessary, the right of appeal is granted, and the powers of the guardian and curator are defined. The fact that everything the Act requires was promptly and efficiently done in this case is not challenged. It appears admitted that the service for which compensation is sought was performed and was valuable but payment therefor from the estate of Letitia V. Graham was refused by the Chancellor for lack of statutory fiat therefor.

Appellants contend that the Chancellor should have allowed them a reasonable fee because there were ample funds belonging to Letitia V. Graham from which such allowance could have been made, that the services performed resulted in great benefit to her estate, that the Chancellor was fully authorized to make such allowance, that a proceeding under Chapter 1797, Acts of 1937, is analogous to a proceeding in Chancery where trust or partnership funds are recovered and preserved for distribution on behalf of beneficiaries and that it is much like a proceeding in lunacy in which the Court is authorized to award reasonable compensation for attorney's fees.

We have given due consideration to all these contentions but in the face of the statute brought under consideration, they can avail nothing. It is quite true that the proceeding is somewhat analogous to a lunacy proceeding but we see little analogy between it and a chancery proceeding in which a fund is brought into court for settlement and distribution. In the latter cases, the rem is the thing in litigation while in this proceeding, the rem is merely incidental. Its status is admitted. Only the competency of the owner to manage and control it is brought in question.

This Court is committed to the doctrine that the enforced recovery of attorneys' fees can be had only when provided for by contract, agreement, or by provision of statute. Webb v. Scott, 129 Fla. 111, 176 So. 442; United States Fidelity and Guaranty Co. v. Highway Engineering and Construction Co., 51 Fed. (2nd) 894.

Except for Chapter 17976, Acts of 1937, there would be no authority for a proceeding such as is involved in this case. That being the case, there is no authority for the payment of attorneys' fees outside the statute. It makes no provision whatever for the payment of such fees, though it does provide in terms for the allowance of charges for the curator, the guardian, the ward and its dependents, and the costs of audits, and examinations found to be essential. The statute is silent on the question of attorneys' fees.

The fact that the estate of Letitia V. Graham is considerable and amply able to pay for such services is immaterial. The estate is not the subject of the litigation and while counsel are entitled to be compensated, the estate in question is not bound for the compensation unless made so by the statute.

The judgment below is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.