[Civil No. 4034. Filed April 17, 1939.]

[89 Pac. (2d) 496.]

HARRY KAY, Appellant, v. ELLA SEARS KAY, Administratrix of the Estate of J. M. (MARION) SEARS, Deceased; and THE ESTATE OF J. M. (MARION) SEARS, Deceased, Appellees.

Mr. Burt H. Clingan, for Appellant; Mr. J. Bolivar Sumter, on the Brief.

Mr. F. L. Zimmerman, for Appellees.

ROSS, C. J.—The appeal is from an order sustaining a general demurrer to the complaint and from a judgment of dismissal. The appellant Kay insists that the court erred in its ruling. The complaint sets forth two causes of action. The facts upon which the first cause is based are, in substance, as follows: On June

12, 1933, in the superior court of Maricopa county, J. M. Sears was adjudged an incompetent and a guardian of his person and estate appointed. Subsequently he requested his guardian to employ an attorney, or to furnish him funds out of his estate to do so, to secure his restoration to capacity, and the guardian refused to act; that Sears appealed to plaintiff, his son-in-law, for assistance, who agreed to and did advance, between July 19, 1933, and December 7, 1934, $1,050 for attorney's fees, court costs and other necessary expenses incurred in proceedings seeking to restore Sears to capacity; that the application was made in the guardianship proceeding (Cause No. 9541) by Ella Sears Kay, the daughter of the incompetent and wife of the plaintiff Harry Kay; that a hearing on such application was had October 3, 1933, and that the court refused to restore the said J. M. Sears to capacity; that the Supreme Court of the state, on appeal, affirmed such order, *In re Sears' Guardianship,* 44 Ariz. 408, 38 Pac. (2d) 308; that J. M. Sears died January 14, 1937, leaving an estate, in personal and real property, of a value in excess of $50,000; that Ella Sears Kay, defendant herein, was appointed administratrix of the estate on July 12, 1937; that a claim for $1,050 for attorney's fees, etc., was presented to the administratrix for allowance, and that she refused to approve it; that the judge of the court also, after a hearing thereon, denied the claim.

The allegations of the second cause of action are, in substance, as follows: That J. M. Sears, on January 29, 1929, made Perry W. Sears his attorney in fact to handle his estate, and that the said Perry W. Sears so acted up to about the 20th day of May, 1933; that during the time he collected income and profits from the properties and assets of J. M. Sears, invested, loaned and reloaned the profits and generally handled the affairs and business of the said J. M. Sears; that

about the month of February, 1935, nearly two years after he was adjudged an incompetent, the said J. M. Sears, believing that his attorney in fact had appropriated to his own use and benefit certain moneys and properties belonging to him, requested his guardian to bring an action for the purpose of discovering what properties and money his attorney in fact had appropriated and was concealing, but that the guardian refused to bring or assist in bringing any action whatever. It is then alleged that J. M. Sears made arrangements with plaintiff Harry Kay to advance money to defray the expenses of actions to discover and to recover from his said attorney in fact money and properties belonging to the said J. M. Sears; that the plaintiff in that behalf paid out the sum of $2,-585.61; that proceedings in the guardianship cause (No. 9541) were had, resulting in the discovery of assets belonging to the said J. M. Sears, of a value in excess of $4,000; that a claim for said advances had been duly made out and presented to the administratrix, Ella Sears Kay, for allowance and had been disapproved by her; that the judge of the court had also disapproved such claim.

We consider the ruling of the court on the first cause of action. The general demurrer admitted the allegations were true for the purpose of testing the sufficiency of the facts to make out a cause of action. The proceeding for restoration to capacity is provided for in section 4143, Revised Code of 1928, and so far as material reads:

"Any person who has been declared insane, or the guardian or any relative of such person, within the third degree, or any friend, may apply by petition to the superior court of the county in which he was declared insane, to have his restoration to capacity judicially determined. . . . If it be found that the petitioner be of sound mind and capable of taking care of himself and his property, his restoration to capa-

city shall be adjudged, and the guardianship of such person, if not a minor, shall cease.''

This section of the statute provides that the insane person ''may apply by petition'' to be restored to capacity, or that his guardian or any relative within the third degree, or any friend may apply by petition for restoration. In this instance Ella Sears Kay, the daughter of the ward, made the application and her husband, the plaintiff herein, it is alleged under a contract with the ward advanced the money for attorney fees, court costs, etc., which he now seeks to recover from the estate of the ward.

The allegation that the expenses were advanced pursuant to a contract with the ward may be disregarded. The ward had been adjudged an incompetent. He was therefore not capable of contracting unassisted either as to the care of his property or of himself. Section 4144, Id.

If the Sears estate is liable for the advances made by plaintiff it is not on the basis of any contract with Sears. It is on the theory that such advances were necessary for the protection of the ward or his property and that he was under an obligation to remunerate those who made the advances. When necessaries have been furnished an insane or incompetent person, the law implies an obligation on the part of such person to pay for them. *Collins* v. *Marquette Trust Co.*, 187 Minn. 514, 246 N. W. 5; *Lyon* v. *Freshour's Estate*, 174 Mich. 114, 140 N. W. 517, Ann. Cas. 1915A 726, 45 L. R. A. (N. S.), 67; *Rautenkranz* v. *Plummer*, 75 Ind. App. 269, 130 N. E. 435; *Fitzpatrick's Committee* v. *Dundon*, 179 Ky. 784, 201 S. W. 339; *In re Doyle's Estate*, 126 Cal. App. 646, 14 Pac. (2d) 920.

Attorney's fees and expenses incurred in good faith to restore one to capacity, when reasonably necessary, may be charged against the ward's estate,

whether the proceedings are successful or not. See above cases; also 32 C. J. 741, sec. 526.

The proceedings were had in the name of Ella Sears Kay, then and now the wife of the plaintiff and defendant herein in her representative capacity. She it was who made the application for the restoration to capacity. She was one of those the statute authorizes to make such application. She did so, however, as a volunteer. The reason the law gives relatives of the third degree and friends of a ward the right to apply by petition for the restoration of a ward to capacity is that he is incompetent to act for his own protection or the protection of his property, and if the guardian refuses to act he may be greatly abused or mistreated and his property lost, wasted or destroyed unless someone other than the guardian may act for him. The friend or relative steps into the shoes of the guardian to accomplish for the ward what the guardian refuses to try to accomplish, employs attorneys to prepare papers and prosecute the proceeding and necessarily incurs expenses for that purpose. In all of the cases cited by plaintiff the facts appear to have been that the expenses allowed against the ward's estate were either incurred on the petition of the ward or by the guardian or committee. The question here is: When a relative initiates proceedings to restore capacity, should the expenses incurred by her, including attorney's fees, be treated as a charge against her or a charge against the estate? The advances and services were made and rendered to her upon contract, either express or implied, that she would repay them. If an attorney was employed to prosecute the proceeding, he represented her and should, at least in the first instance, look to her for his compensation. If the plaintiff advanced money to the volunteer to defray the expenses, he should also look to her. Whether she has paid these expenses or not, since they

were incurred for the benefit of the ward, they are a legitimate charge against the estate in her favor. Those persons rendering services to her, or advancing money to her, to defray the expenses, have no claim against the estate; it is against the volunteer. In other words, these expenses are in the same status as if contracted by the guardian. If the guardian had acted in this instance, the parties rendering him services or advancing him money would look to him for payment. They would render their bills against him as guardian and he, in turn, would submit them in his account, current or final, for allowance by the court. It seems that if anyone has a claim against the estate for such advances, it is Ella Sears Kay and not the plaintiff. For that reason we think the complaint on its face shows that nothing is owing to the plaintiff, and that the general demurrer was properly sustained.

The second cause of action is for moneys claimed to have been expended by plaintiff, upon a request from the ward, in actions or proceedings instituted for the purpose of acquiring knowledge respecting the ward's property, or some of his property. Our attention has not been called to any law, statutory or otherwise, authorizing the plaintiff, or anyone else except the guardian, to institute, or to cause to be instituted, actions or proceedings of that nature or for that purpose. ▮ In guardianship matters the method to be followed, when it is suspected someone has property belonging to the ward, is as prescribed in section 4145, Id., reading as follows:

"Upon complaint made by the guardian, ward, or other person interested in the estate, or having a prospective interest therein as heir or otherwise, against any one suspected of having concealed, embezzled or conveyed away any property, or an instrument in writing, of the ward or his estate, the court may cite such person to appear before such court, and examine and proceed with him on such charge as provided with re-

spect to persons suspected of, and charged with, concealing, or embezzling the effects of a decedent.''

The ''complaint'' provided for in the above section contemplates that it shall be made to the court in the guardianship proceeding. It is alleged that it was so made. It is summary in its nature and its sole purpose is to discover hidden or concealed or embezzled assets of the ward. The procedure under this section of the statute is the same as that prescribed when an executor or administrator or other person interested in an estate takes steps, as prescribed in sections 3969, 3970 and 3971, Id., to discover property as assets of a decedent.

█ In *First Nat. Bank of Holbrook* v. *Superior Court,* 42 Ariz. 467, 27 Pac. (2d) 525, it was held that such a summary proceeding could not be invoked to determine title or any controverted question between the personal representative and third parties as to ownership. 23 C. J. 1184, sec. 409. Although the allegations of the second cause of action are to the effect that actions and proceedings were had and expenses incurred to discover the concealed or embezzled property, we construe it to mean simply that the ''complaint'' mentioned in section 4145, *supra,* was filed in the guardianship proceeding and that as a result thereof $4,000 belonging to the J. M. Sears' estate were discovered. Certainly the expenses of any independent action or proceeding, if instituted and prosecuted to discover concealed or embezzled property, could not be charged to the estate.

█ It does not appear from the allegations in the second cause of action who made complaint. It will be observed that only certain named persons, or persons of certain classes or qualifications, are authorized to make complaint. It is true it is alleged that the incompetent laid his grievances before the plaintiff, his son-in-law, but there is a complete failure to show who

made the complaint in the guardianship proceeding. The relation of son-in-law in itself, even if the facts showed plaintiff made the complaint, is not evidence of his having an interest in the estate, as heir or otherwise.

We are satisfied that the court's ruling was correct and the judgment is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.