304 P.2d 392

John PINTEK, as guardian and trustee of John Anthony Stover and Mary Ellen Stover, Minors, Petitioner,

v.

The SUPERIOR COURT OF the State of Arizona, in and for the COUNTY OF COCHISE, and Honorable Herbert F. Krucker, Presiding Judge thereof, Respondents.

No. 6273.

Supreme Court of Arizona.

Dec. 13, 1956.

Darrel G. Brown, Tucson, for petitioner.

Herbert F. Krucker, Tucson, in pro. per., and W. Shelley Richey, Douglas, for respondents.

UDALL, Justice.

This is a proceeding in prohibition initiated in this court by attorney John Pintek (hereinafter termed petitioner), acting as guardian and trustee of the minors named in the caption, against the superior court of the State of Arizona in and for the county of Cochise, and the Honorable Herbert F. Krucker, presiding Judge thereof (hereinafter designated respondent), seeking to restrain the court from authorizing payment of certain at-torneys' fees and expenses of such attorneys from the estate of Alvena M. Stover, deceased.

Petitioner, unsure of his remedy, sought either a writ of prohibition or a writ of certiorari. After notice to respondent and an informal hearing held in accordance with Rule I.1(c), Rules of Supreme Court, we issued an alternative writ of prohibition in order to resolve a limited jurisdictional question, i. e., the validity of an order directing the payment of the attorney fees in question. Inasmuch as the order involved must necessarily be implemented by further acts of respondent, it appeared prohibition was the proper remedy. See, Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 220 P.2d 477; State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 P.2d 887. Respondent by its return does not question the propriety of *this* remedy.

In the case of Pintek v. Superior Court, reported in 78 Ariz. 179, 277 P.2d 265, many of the basic facts relative to the Alvena M. Stover estate—which are somewhat pertinent to this writ of prohibition—are set forth and, hence, will not be repeated here. The particulars giving rise to the instant proceeding are: attorney W. Shelley Richey of Douglas, Arizona, associated with attorneys Richard B. Foley and Gerald H. Galligan of Colorado to represent Karl Stover, filed a petition to remove attorney Pintek as executor of the

estate of Alvena M. Stover, deceased (the latter was a sister of Karl Stover). Before this petition was heard on its merits, .Pintek filed a motion asking leave to withdraw as executor and the respondent court entered an order on March 15, 1955, allowing such withdrawal. Following this resignation one Joseph Kesmar (named in decedent's will as an alternate executor) was issued letters testamentary to complete the administration of said estate. Thereafter, when Pintek filed an accounting of his executorship, the court on March 2, 1956, held, on the basis of objections made by attorneys Richey, et al., that he should not be allowed credit for a payment to Sears Roebuck in the sum of $800, and also that certain creditors' claims aggregating the sum of $4,125.22 theretofore approved by Pintek—but not submitted for the Judge's approval—were not proper claims, could not be enforced against the estate and should not be paid.

On February 17, 1956, attorney W. Shelley Richey, in behalf of himself and his associate attorneys from Colorado, filed a petition for an allowance from said estate of attorneys fees and expenses in the sum of $1,751.72 for their services as attorneys representing Karl Stover in various and sundry legal proceedings claimed to have resulted in the removal or forced resignation of John Pintek as executor and the disallowance of the items in his account and report heretofore set forth. The petition further alleged that the fees claimed were reasonable and the expenses incurred were necessary and proper *"and that such services were rendered for the benefit of said estate"* (emphasis supplied).

John Pintek, as guardian of the two Stover minors, was given time, by court order, in which to file objections thereto. This he attempted to do by filing a petition for intervention, to which was attached his objections to the allowance of any attorneys' fees or expenses to attorneys Shelley, et al. While the respondent court denied the petition to intervene, it did permit Pintek to be heard on his objections, and at the conclusion of the hearing the following minute order was entered:

"The Court further ordered that the petition for allowance of attorneys fees be granted, however that the administrator not pay the same until the next accounting is filed showing the claim and showing any indebtedness of Carl Stover to the Estate; that the guardian Mr. Pintek may file objections to said account."

It was to test the validity and prevent the carrying out of this claimed illegal order that the alternative writ of prohibition was issued. The respondent seeks to justify and sustain the order in question by pointing out that while the attorneys were admittedly employed by Karl Stover, their services resulted in

substantial benefit to the estate. Furthermore, it is contended that section 14–661 (B), A.R.S., is broad enough to authorize such payment. This subsection reads:

*"The executor or administrator shall also be allowed reasonable fees paid or contracted to be paid to attorneys at law for services rendered to him,* and an attorney who has rendered such services may apply to the court for an allowance as compensation therefor. Upon the hearing, a reasonable allowance shall be made, and the court shall order payment thereof from funds of the estate." (Emphasis supplied.)

It conclusively appears from the record that neither Kesmar nor Pintek, present and former executors respectively, contracted for the services of attorneys Richey, et al., nor did either of them approve this claim against the estate. While the facts are somewhat dissimilar, we believe the case of In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732, 737, is indistinguishable in principle with the instant case and that it effectively disposes of every contention made here by respondent. Therein it was stated that section 38–1402, A.C.A.1939 (now section 14–661, supra),

"impliedly * * * limits the payment of attorney's fees to those who are employed by the executor". That decision also stated that attorneys not so employed cannot be paid from estate funds though the estate may have substantially benefited from their services. We adhere to these salutary rules and find them expressly applicable here. Because administration of a decedent's estate is purely statutory, see, In re Balke's Estate, supra; Podret v. Superior Court, 80 Ariz. 182, 294 P.2d 670, the respondent court could not go beyond the express provisions of the statutes. To stretch section 14–661, supra, to permit the payment of attorney fees and expenses to an attorney who rendered no contractual service to the duly appointed executor is to exceed the jurisdiction conferred thereby; we hold such are not allowable expenses of administration.

The respondent court being without jurisdiction to enter the questioned non-appealable order, the alternative writ of prohibition is made peremptory. It is so ordered.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.