327 P.2d 292

John PINTEK, as guardian and Trustee of John Anthony Stover and Mary Ellen Stover, minors, Petitioner,

v.

SUPERIOR COURT of the State of Arizona in and for the COUNTY OF COCHISE, and Joseph Kesmar, as executor of the estate of Alvena M. Stover, deceased, Respondents.

No. 6622.

Supreme Court of Arizona.

June 18, 1958.

John Pintek, Bisbee, for petitioner.

Wesley E. Polley, Phoenix, for respondents.

UDALL, Chief Justice.

This original proceeding was initiated by Attorney John Pintek (hereinafter termed petitioner), acting as guardian and trustee of the minors named in the caption, against the superior court of the State of Arizona in and for the County of Cochise and Joseph Kesmar as the executor of the estate of Alvena M. Stover (hereinafter termed respondents). Petitioner filed with this court a multitude of general grievances (79 in number) setting forth how this estate had, as he claimed, been mishandled. Being unsure of his remedy, he sought in the alternative, either a writ of certiorari, or prohibition, or mandamus, or as he terms it, a "writ of review". On February 25, 1958, after an informal hearing under Rule I, Rules Supreme Court, 17 A.R.S., and after separating the "wheat from the chaff", we issued an alternative writ of mandamus directing respondents to close and distribute said estate or show cause why same should not be done. The response and reply

to said writ were filed and the matter ordered submitted.

A petition of similar tenor had, prior thereto, been presented to the Honorable Jesse A. Udall, Judge of the Superior Court from Graham County, to whom the Stover Estate matters had just been assigned by the Honorable Herbert F. Krucker, Judge of the Superior Court from Pima County. Inter alia said petition did pray for an order compelling executor Joseph Kesmar to bring the administration of said estate to a close and obtain from the court a distribution of the residue thereof to those lawfully entitled thereto. Inasmuch as said petition in effect was also asking for a "review" of all prior proceedings it is readily understandable why Judge Udall refused to issue an order to show cause, as apparently he felt the matter was one for the cognizance of the supreme court of the state rather than a court of concurrent jurisdiction. The refusal of the respondent court to assume jurisdiction and to order the estate closed forms the basis for the instant proceeding.

This court is not a stranger to the Stover Estate, as in all four matters involving it have reached us, viz.: (1) Pintek v. Superior Court, 1954, 78 Ariz. 179, 277 P.2d 265, concerning the right and propriety of a judge to preside in such proceedings; (2) Pintek v. Superior Court, 1956, 81 Ariz. 255, 304 P.2d 392, wherein we restrained the court from authorizing payment of certain attorney's fees and expenses from said estate; (3) an appeal now pending (incomplete and undetermined) entitled Pintek, as guardian and trustee v. Kesmar, as executor (docketed November 25, 1957, our number 6586); and (4) the instant proceeding. As many of the basic facts relative to the Stover Estate are set forth in the reported decisions, supra, they need not be repeated here.

Respondents urge as grounds for dismissal of the petition and to quash the writ: (1) insufficient verification of the petition; (2) failure to state sufficient facts for issuance of the writ; (3) that mandamus is not the proper remedy; and (4), the estate is not in a condition to be closed. The grounds stated in (1) and (2) are wholly without merit and hence will not be further considered.

(3) Is mandamus the proper remedy?

█ A.R.S. § 12–2021 states when mandamus may issue. It reads:

"A writ of mandamus may be issued by the supreme or superior court to any person, inferior tribunal, * * * to compel, when there is not a plain, adequate and speedy remedy at law, performance of an act which the law specially imposes as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled * * *."

(a) Have the respondents a duty to close and distribute said estate?

Testatrix died July 9, 1952 and her will was shortly thereafter admitted to probate. Petitioner was qualified as executor and issued letters testamentary on August 5, 1952. He resigned and on March 15, 1955 respondent court entered an order approving such resignation. Following this, the present executor, Kesmar, was issued letters testamentary. After a lapse of nearly six years the estate has not been closed nor distributed and the attorney for the present executor asserts the executor is *required by law* to administer the estate until the minors reach their majority more than two years hence.

It appears to us that this sad condition exists largely because of the extreme bitterness existing between counsel and the fact that the various judges handling the probate have not held a "tight rein", thereby preventing this long delay. It would appear that certain basic concepts, hereinafter stated, relative to the purpose of administering estates have been completely ignored by the respondents, and this is really the genesis of the instant petition.

There is no logical premise whatsoever that can lead to the conclusion, advanced here, that the executor is required by law to administer the estate until the minors reach 21 years of age.

"The duties of an executor *are limited to the winding up of the estate of a decedent and are temporary in their character.* In the absence of a statute otherwise providing, the duties of an executor are: (1) to reduce to possession the personal assets of the testator; (2) to pay the testator's debts; (3) to pay legacies; and (4) to distribute the surplus, if any, among the testator's next of kin." Restatement, Trusts, section 6, comment b (1935). (Emphasis supplied.)

It is the policy of the law that administration be had with dispatch and that distribution be made as soon as possible. See, 4 Bancroft, Probate Practice, section 1123 (2nd Ed. 1950); 33 C.J.S. Executors and Administrators § 1. This policy is made manifest in the provisions of our code dealing with the subject. A.R.S. Title 14, chapter 5. See, specifically, sec. 14–669.

(b) Provisions of the Will

The will names petitioner as trustee to hold in trust the estate until the children attain 25 years of age or, in his discretion, any time after they reach 21 years, then to release the estate to them. The petitioner was also named guardian and also executor. For each of these positions respondent Kesmar is named alternate to act if petitioner be unable or unwilling to so act. The will further states "that regardless in whatever capacity either one may act" they do so without bond or necessity of court order.

The clear duty of respondents, under the provisions of the will and the legal concepts stated above, is to close the estate and distribute same to the trustee, to be administered by him as directed by the terms of the will. This duty has been neglected by respondents and hence mandamus will lie to compel said action. Cf. State v. Phelps, 67 Ariz. 215, 193 P.2d 921; State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723.

(4) Is estate in a condition to be closed?

This query is merely an extension of the proposition heretofore treated. Respondent urges the determination of whether this estate is in a condition to be closed involves the discretion of the probate judge and as such mandamus will not lie. As stated above the terms of the will provide that the estate be distributed to the trustee. The record reflects that the probate judge who has conducted most of these proceedings has indicated the estate should have been closed some time ago. The present executor has sought for some time to resign. Allowing this estate to be kept open for such a long time without good cause and contrary to respondents' expressed desire and petitioner's repeated demands, while not understandable, would appear to be an abuse of discretion. Mandamus will lie to correct such abuse. 35 Am.Jur., Mandamus, section 291. Cf., Chesley v. Jones, 81 Ariz. 1, 299 P.2d 179. The other contentions made by respondents are without merit.

We realize closing of this estate is not possible instanter, nonetheless it is ordered respondents cease delaying and that they act with dispatch and diligence in seeing that the probate of said estate be terminated in accordance with the statutory provisions relating thereto.

The alternative writ of mandamus heretofore issued is made peremptory.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.