488 P.2d 671

In the Matter of the ESTATE AND GUARD-IANSHIP OF Jules L. VERMEERSCH, Incompetent.

The VALLEY NATIONAL BANK OF ARI-ZONA, Guardian, Appellant,

v.

Rosalie M. LEWIN, Petitioner, Appellee.

No. 1 CA–CIV 1463.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 20, 1971.

Moore, Romley, Kaplan, Robbins & Green by Elias M. Romley and R. G. Langmade, Phoenix, for appellant.

Cunningham, Goodson, Tiffany & Weltsch, Ltd. by John F. Goodson, and O'Connor, Cavanagh, Anderson, Westover,

Killingsworth & Beshears by Harry J. Cavanagh, Phoenix, for appellee.

HAIRE, Judge.

The question raised on this appeal is whether a probate court may properly allow reimbursement to the guardian for attorney's fees and related expenses, to be paid out of the estate of an incompetent, for services rendered by the guardian's attorneys in the investigating, preparing and presenting of a petition for guardianship and in the trial resulting from a contest thereof.

On January 12, 1970, the appellee, Rosalie M. Lewin, filed a petition in the superior court requesting that she be appointed guardian of the person of her father, Jules L. Vermeersch, and that she along with the United Bank of Arizona be appointed co-guardians of the estate of Jules L. Vermeersch. The petition was contested, and after a four day hearing the court appointed Mrs. Lewin guardian of the person of Mr. Vermeersch and the Valley National Bank of Arizona guardian of his estate. Thereafter Mrs. Lewin petitioned for the allowance of certain "interim, extraordinary fees and expenses" incurred prior to her appointment and for the first twenty-one days of her tenure as guardian. After a hearing at which the allowance of these fees was contested by the appellant Valley National Bank of Arizona in its capacity as guardian of the estate of Jules L. Vermeersch, the court entered an order allowing appellee a total of $19,501.90, some $16,-869.72[1] of which represented attorney's fees and other expenses incurred by Mrs. Lewin in the presentation of the petition for guardianship and the trial relating thereto. On this appeal the Valley National Bank questions the allowance of that portion of the attorney's fees and expenses

which were incurred prior to the filing of the order appointing Mrs. Lewin as guardian.

In Arizona, jurisdiction in guardianship proceedings is vested in the probate court. While Chapter 6, Title 14, A.R.S. sets forth specific statutes governing guardianship matters, reference may properly be made to the probate code and case law relating thereto in order to determine specific questions. In this connection, A.R.S. § 14–815 provides as follows:

"All proceedings of guardians, and the administration of estates of minors and incompetent persons, shall be had in accordance with, and shall be governed by, the laws relating to estates of decedents, except as otherwise provided by law."

In Arizona, as in many western states, including the neighboring state of California, the probate court is not a court having jurisdiction limited to purely ministerial functions, but rather as stated by the Arizona Supreme Court in Shattuck v. Shattuck, 67 Ariz. 122, 127, 192 P.2d 229, 232 (1948):

" * * * the probate court is one of exclusive, original and complete jurisdiction invested with all necessary powers incident to the administration of estates; the probating of wills; the trying of contests thereof; the interpretation of wills; the determination of heirship; and the complete and full distribution of the property of estates to those entitled thereto by law."

When sitting in probate, although it might otherwise be a court of general jurisdiction, the superior court may not exercise its general jurisdiction powers in the probate proceedings, but rather is limited to statutorily prescribed powers and proceedings, with such other powers as might be necessarily

---

1. The court's order did not segregate the pre-appointment fees and expenses from the post-appointment fees and expenses. However, appellant has computed these pre-appointment expenses as follows:

| | |
|---|---|
| Attorney's fees | $ 13,044.00 |
| Investigation fees | 1,671.42 |
| Court costs | 371.30 |
| Doctor's fees | 1,075.00 |
| Security guards | 708.00 |
| **TOTAL** | **$ 16,869.72** |

inherent in the court and incidental to the powers given. *See* Podret v. Superior Court, 80 Ariz. 182, 294 P.2d 670 (1956); Vargas v. Greer, 60 Ariz. 110, 131 P.2d 818 (1942). However, the probate court may utilize general legal or equitable principles in deciding questions which are properly incidental to the matters which fall within its probate jurisdiction. In re Estate of Pitt, 1 Ariz.App. 533, 405 P.2d 471 (1965).

With this general background in mind, we first consider appellant's contention that A.R.S. § 14–816 is decisive of the issue here presented. That statute reads as follows:

"The guardian shall be allowed the reasonable expenses incurred in the execution of his trust, and such compensation for his services as the court in which his accounts are settled deems just and reasonable."

Appellant contends that the power of the probate court to reimburse the guardian for his expenses is limited to the authority set forth in the above statute, and that the language "expenses incurred in the execution of his trust" by implication excludes expenses, including attorney's fees, incurred before the guardian entered into his trust by actual appointment. In our opinion the statute does not have that crystal clarity of meaning for which appellant contends. Webster's Third New International Dictionary defines "execution" as "the act or process of executing". "Execute" is defined as "to put into effect: carry out fully and completely". Here it could be argued that "execution" includes the appellee's efforts in putting into effect the guardianship, including the preliminary proceedings and preparations therefor. While this might at first blush appear to be a strained construction, the result would be in accord with the rule adopted in several jurisdictions which do, without *express* statutory authorization, allow reimbursement for such expenses. Perhaps the reason for the rule is most cogently stated by the California decision of In re Bundy's Estate, 44

Cal.App. 466, 467, 186 P. 811, 812 (1919) as follows:

"It is quite true that such fees [pre-appointment attorney's fees] are not allowed in ordinary probate proceedings when they are incurred for the benefit of the person employing the attorney.

\* \* \* \* \* \*

"But in a guardianship application the interests to be considered by the court and the principles to be applied are quite unlike those in any ordinary administration. In the case of the death of a person some one succeeds to the estate, and presumably will look after his own interests. An applicant for letters of administration acts in his own interest, but in the case of an application for letters of guardianship the applicant acts for and on behalf of one who cannot act for himself. An incompetent person is helpless and the law must think and act for him. The filing of the petition and the hearing thereon are indispensable steps in the preservation of the trust fund. The court, as general conservator of the rights of incompetents, and other helpless persons, is solicitous that an application be filed to the end that it may assume control of his estate and preserve it for the owner."

Other jurisdictions allow the reimbursement of such expenses under the theory that these expenditures are in the nature of "necessaries" for which, even in the absence of express statutory authorization, both law and equity allow a recovery against the incompetent's estate. Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782, Annot., 22 A.L.R.2d 1430 (1950); In re Sherwood's Estate, 56 Ill.App.2d 334, 206 N.E.2d 304 (1965). In Kay v. Kay, 53 Ariz. 336, 89 P.2d 496 (1939), the Arizona Supreme Court recognized that attorney's fees expended on behalf of an incompetent may be considered as "necessaries" and recovery had against his estate. That case involved an action by a husband to recover attorney's fees incurred by his wife in an

attempt to have her incompetent father restored to competency. The court stated:

"When necessaries have been furnished an insane or incompetent person, the law implies an obligation on the part of such person to pay for them. (Citations omitted).

"Attorney's fees and expenses incurred in good faith to restore one to capacity, when reasonably necessary, may be charged against the ward's estate, whether the proceedings are successful or not. (Citations omitted).

" * * * The reason the law gives relatives of the third degree and friends of a ward the right to apply by petition for the restoration of a ward to capacity is that he is incompetent to act for his own protection or the protection of his property, and if the guardian refuses to act he may be greatly abused or mistreated and his property lost, wasted or destroyed unless someone other than the guardian may act for him. The friend or relative steps into the shoes of the guardian to accomplish for the ward what the guardian refuses to try to accomplish, employs attorneys to prepare papers and prosecute the proceeding and necessarily incurs expenses for that purpose." 53 Ariz. at 340–341, 89 P.2d at 498–499.

The court then noted that the wife, not the husband, should have been the plaintiff, and sustained the demurrer to the husband's complaint. Admittedly, the quoted language of the court in Kay v. Kay must be considered dictum in light of the actual disposition of the case. However, in our opinion the dictum is sound and is *a fortiori* applicable to a situation involving a successful applicant to whom letters of guardianship are issued after a finding of incompetency. Nor do we consider that In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949); Podret v. Superior Court, *supra*, and Pintek v. Superior Court, 81 Ariz. 255, 304 P.2d 392 (1956), relied upon by appellant, require a contrary result. While these decisions do indicate a jealous reluctance on the part of our Supreme Court to au-

thorize the payment out of a probate estate for attorney's services not contracted for by the executor or administrator, particularly in the absence of statutory authorization therefor, the considerations there involved are not applicable to situations where fees have been expended in furthering the interest of the state and society in protecting the incompetent individual and bringing his person and estate under the protective vigil of the probate court.

■ Our Supreme Court has on several occasions noted the similarity of our probate system to that of California, and we have previously cited herein and quoted extensively and with approval the holding of the California court in In re Bundy's Estate. Appellant contends that the BUNDY decision was based upon a California statute allowing the California court discretionary authority to order costs paid to any party, and that the Arizona probate court does not have this authority. Appellant then concludes that therefore the BUNDY decision should not have persuasive value. First, we observe that the Arizona probate court is not without discretionary authority to order the payment of costs in contested probate proceedings. In re Estate of Pitt, *supra*. See also A.R.S. § 14–1201 and Rule 54(f), Rules of Civil Procedure, 16 A.R.S. However, and more important, we believe that the incidental reference by the court in Bundy to § 1720 of the California Code of Civil Procedure dealing with costs was intended as an illustration of powers given to the probate court rather than as express authority for that court's holding that attorney's fees expended in connection with the guardianship application were recoverable and a proper charge against the incompetent's estate.

This court is not unaware of such decisions as Hampton v. Graham, 136 Fla. 20, 186 So. 202 (1939), which would not allow the reimbursement of attorney's fees incurred by an applicant in guardianship proceedings. In our opinion the Bundy rule is more consonant with our statutes and pro-

bate system. As held by the Illinois court in In re Sherwood's Estate, *supra*:

"* * * we are persuaded by the rule adopted in other states that costs and attorney's fees, incurred in the prosecution and defense of incompetency proceedings, constitute necessaries of the incompetent for the payment of which his estate may be assessed by the court." 56 Ill.App.2d at 339, 206 N.E.2d at 307.

In summary, in our opinion A.R.S. § 14–816 does not by implication prohibit the reimbursement of pre-appointment expenses incurred by a guardian. Further, for the reasons previously expressed herein we are of the opinion that reasonable pre-appointment expenses and attorney's fees incurred by a successful applicant for guardianship may be allowed by the probate court as a charge against the incompetent's estate.

One other contention remains to be considered, and that is appellant's contention that, even assuming that the probate court had authority to award expenses and fees incurred prior to appointment, the probate court abused its discretion and awarded an excessive amount therefor.

The probate court had substantial testimony and evidence before it on which to base its determination of the amount of the fees and expenses awarded appellee. The circumstances surrounding appellee's application for the guardianship indicated a high degree of probability that the application would be contested and therefore necessitated extensive detailed preparation relating to the care and attention needed for both the incompetent's person and his sizeable estate. In our opinion the evidence presented sustains the order entered by the probate court. We find no abuse of discretion.

The order appealed from is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.