514 P.2d 463

**GREAT WESTERN BANK & TRUST, an Arizona corporation, Guardian of the Estates of Robert George and Thomas Henry O'Brien, minors, Petitioner,**

v.

**Robert L. MYERS, a judge of the Superior Court of the State of Arizona, and W. Thomas Holmes, Respondents.**

No. 11213.

Supreme Court of Arizona, En Banc.

Sept. 26, 1973.

Jack C. Cavness, John W. Rood, Phoenix, for petitioner.

Raul H. Castro, Tucson, for respondents.

HAYS, Chief Justice.

In this special action in the nature of prohibition, we are asked to find that the respondent judge has no jurisdiction to proceed to a hearing to consider respondent Holmes's request for attorney's fees. We are asked to prohibit the judge from proceeding with such a hearing. We hereby deny the requested relief for the reasons set forth in the following opinion.

The background of the case can be found in the numerous opinions which have taken place previously. *See, e. g.,* O'Brien v. Transamerica Title Ins. Co., 11 Ariz.App. 343, 464 P.2d 663 (1970), O'Brien v. Superior Court, 104 Ariz. 588, 457 P.2d 265 (1969). In brief, the facts relevant to this petition in particular follow: Caroline B. O'Brien died on February 13, 1964. She was survived by four children; two natural, Joseph T. O'Brien and Suzanne Bates, and two adopted minor children, Robert George O'Brien and Thomas Henry O'Brien. Decedent left a will, drafted by Joseph T. O'Brien, leaving the bulk of her estate to the two natural children, with a provision that the adopted children receive only the jewelry. The will was contested, found to have been the product of the undue influence of Joseph T. O'Brien, and denied probate.

Joseph T. O'Brien was appointed guardian of the minor children on March 17, 1964. On April 7, 1967, William G. Pearson, Jr., who acted as guardian ad litem for the children in the contest of their mother's will, petitioned the court for his appointment as guardian ad litem in their guardianship proceedings for the express purpose of seeking the removal of Joseph T. O'Brien as guardian. Pearson's petition was granted, he was appointed as guardian ad litem, and he filed a petition for O'Brien's removal. In his petition he set forth a list of people who had or might have an interest in the matter, including Marion P. O'Brien. The respondent Holmes filed a response to the Pearson petition, as attorney for Marion O'Brien (the wife of Joseph T. O'Brien), and "for the minor children Robert George O'Brien and Thomas Henry O'Brien."

A hearing at which Holmes and several others appeared was held on the petition for O'Brien's removal. An order removing O'Brien was made pursuant to Pearson's petition on January 8, 1967. In addition, Holmes filed various petitions for Marion O'Brien, on behalf of the O'Brien minors, for support and maintenance. On October 11, 1972, Holmes filed his petition for attorney's fees, costs and expenses. Great Western Bank, as guardian, moved to dismiss the Holmes petition. Petitioner's motion was denied by the court, and the court in its order denying the motion set the petition and response thereto for hearing.

In essence, the petitioner bank alleges that the respondent trial court does not have jurisdiction to award attorney's fees and costs to Holmes since he was not employed to represent the minors by the order of any court having control of the estate nor, the petitioner alleges, was Holmes employed by any person with authority to encumber the minors' estate.

In part, petitioner is correct in its position. The action commenced by William G. Pearson, Jr., was expressly authorized by the court to protect the interest of the minor children. Holmes had no authority

to purport to represent the minor children in the proceeding instituted by Pearson for the removal of Joseph T. O'Brien as guardian. The court had placed the authority to act in Pearson.

A.R.S. § 14–809, subsec. C provides:

"The guardian shall appear for and represent the ward in all actions and proceedings unless another person is appointed for that purpose."

The above section is modified by A.R.S. § 14–852:

"Nothing contained in this article shall affect or impair the power of a court to appoint a guardian to defend or prosecute the interests of a minor interested in an action or proceeding pending therein."

Since the action for the removal of the guardian necessarily requires someone else to be appointed to represent the interests of the minors, that representation was provided by the court appointment of Pearson.

■ Guardianship proceedings and administration of their estates are governed by the laws relating to estates of decedents except as otherwise provided by law. A.R.S. § 14–815. Under our previous holdings, we have held that an attorney may not be paid for legal services for an estate unless he was employed by the duly appointed executor. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949); Pintek v. Superior Court, 81 Ariz. 255, 304 P.2d 392 (1956). The same rule applies to payment of attorney's fees for legal service for a guardianship. In the case at issue, the only one who could obligate the guardianship for the cost of legal services was the duly appointed guardian ad litem. He was the only proper person recognized by the court as authorized to represent the minor children in the action to remove the guardian. There is no merit to a claim by an attorney not employed by the guardian that his services benefited a minor's estate. Pintek v. Superior Court, *supra*. The proper administration of a guardianship requires that the guardian control the employment of attorneys, subject to the court's review of the reasonableness of the expense. Any other system leaves the estate open to multiple claims by all who assert to have benefited the estate. In the present estate, Holmes demands payment for services which were also performed by Pearson and counsel employed by him. Allowing such multiple claims would dissipate estates which were designed to care for those least able to care for themselves.

■ Holmes also seeks to be compensated for legal services as associate counsel in a California action to have Joseph T. O'Brien removed as guardian of the person of the minor children. The record before us discloses that Marion P. O'Brien brought an action in the state of California to have herself declared guardian of the person of the minor children and to remove Joseph T. O'Brien as guardian. The action in California was filed on February 16, 1967, approximately one and one-half months before the Pearson action in Arizona (April 7, 1967). Marion O'Brien was ultimately successful in having herself made guardian of the person of the minors in place of O'Brien. California counsel employed by Mrs. O'Brien have submitted a claim for allowance of attorney's fees to the appropriate court in California. Holmes has not sought approval of his claim for services rendered in the California action from the appropriate California court. Whether Holmes was properly employed to be entitled to payment for legal services, the nature and extent of those services is a matter within the jurisdiction of the court where the action was held— California.

■ The record before us does disclose that on June 11, 1970, and September 15, 1970, Holmes was employed and did file, on behalf of the guardian of the minors, petitions for increased allowances to the minor children. Holmes's request for allowance of compensation for performance of the above services and additional services for appearance at the hearing on the petitions are matters which should be

heard and considered by the court. Such services on their face appear to have been contracted for by the guardian of the person of the minors, and she had the right to incur such expense for the benefit of her wards. A.R.S. § 14–816.

We hold that the trial court did not improperly deny petitioner's motion to dismiss, and the trial court should proceed to hear the matter, subject to the views expressed in this opinion.

Prayer for relief denied.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.